**Randy Allen STARK, Lee V. Stark and Ruby Stark, Plaintiffs-Respondents,**

v.

**Don VANDERPOOL, Defendant-Appellant.**

**No. WD31675.**

Missouri Court of Appeals, Western District.

March 2, 1981.

Wesner, Turley & Kempton, Inc., Mark T. Kempton, Sedalia, for defendant-appellant.

Robert E. Harris, Warrensburg, for plaintiffs-respondents.

Before DIXON, P. J., WASSERSTROM, C. J., and NUGENT, J.

DIXON, Judge.

A jury verdict for defendant was set aside and a new trial granted to the plaintiff. The trial court did so on the ground that defendant had argued, over objection, the contributory negligence of the plaintiff which was neither pleaded nor submitted.

The action of the trial court is reviewable only as an abuse of discretion. *Penn v. Hartman*, 525 S.W.2d 773, 775 (Mo.App. 1975).

Plaintiff Stark was a passenger in a vehicle operated by Don Vanderpool which left the roadway causing injury to plaintiff.

The complained-of argument, in relevant part, is as follows:

"Donny Vanderpool driving down this road that he had never driven on before. . . . Mr. Stark was aware of the roadway, aware of the bridge, aware of the dip in the road; . . . ."

.     .     .     .     .

"He knew that dip was there. He knew what they were approaching. He told you in his testimony that Donny Vanderpool was going 45 to 50 miles an hour. He told you he never told him to slow down because he thought he was going at an appropriate speed. . . . [B]ut he knew he was approaching this dip; something that Mr. Vanderpool didn't know. He told you that he didn't warn him about this dip coming up. He didn't take the time although sitting right in the front seat looking straight out the window with nothing blocking his view, knowing where he was going, to say, 'Hey, you'd better watch out, there's a dip up here that you can't miss if you are driving in your lane of traffic.'"

"The permissible field of jury argument is broad, but the law does not contemplate that counsel may go beyond the issues or record and urge prejudicial matters, or urge a theory of claim or defense which the law does not justify of [*sic*] which conflicts with the trial court's instructions submitting the issues of the case." *Carrell v. Wilkerson,* 507 S.W.2d 82, 85 (Mo.App.1974).

The argument set forth is plainly and simply an argument directed to the contributory negligence of the plaintiff and erroneous. The trial court should have sustained the objection.

It was within the broad discretion of the trial court to determine the prejudicial effect of the argument and the failure of the trial court to sustain the objection. *Oventrop v. Bi-State Development Agency,* 521 S.W.2d 488, 492 (Mo.App.1975).

There is no abuse of discretion; the judgment of the trial court granting plaintiff a new trial is affirmed.

All concur.